ANTHONY SASKEL, RECEIVER OF HOBOKEN LOAN ASSO-
CIATION, INC., A CORPORATION OF THE STATE OF
NEW JERSEY, PLAINTIFF-APPELLANT, v. HARRY
WEINBERGER, DEFENDANT-RESPONDENT.

Submitted May 7, 1940—Decided May 25, 1940.

Before Justices TRENCHARD, BODINE and PORTER.

For the plaintiff-appellant, *Nathan Baker.*

For the defendant-respondent, *Edward Zubalsky* (*Samuel Tartalsky,* of counsel).

The opinion of the court was delivered by

PORTER, J. This appeal is from a judgment in favor of the defendant-respondent in a suit on two promissory notes on which he was an endorser.

By stipulation of counsel it appears that the plaintiff was appointed receiver of the Hoboken Loan Association, Inc., by the Court of Chancery and that he brought suit as such to recover the sum of $276 and interest, the balance due on two promissory notes made by Mary Wiesberg, defendant, to said Hoboken Loan Association, Inc., and endorsed by the defendant Joseph Kaminsky and the defendant-respondent, Harry Weinberger. Kaminsky was not served and a directed verdict was granted in favor of Mary Wiesberg on proof of her discharge in bankruptcy. One note was for $200 dated September 22d, 1932, and the other for $200 dated January 26th, 1933. Various payments were made on the notes by Mary Wiesberg, defendant, within six years of the institution of suit but no payments whatever were made by Harry Weinberger,

defendant-respondent. The defense by defendant-respondent was that the action as to him was barred by the statute of limitations he having made no payment within six years of the institution of suit.

The District Court judge entered judgment for the defendant-respondent from which this appeal was taken.

We conclude that the statute of limitations was sufficient in law as a bar to recovery against him and that the judgment should be affirmed. *N. J. S. A.* 2:24-1.

A case in which the same legal principle is involved is that of the plaintiff-appellant herein against Eli Rubin, which is being decided contemporaneously herewith, 125 *N. J. L.* 68. In that case the defendant-respondent was the maker of the note while in the instant case the defendant-respondent is an endorser. What we said there is applicable here. The form of endorsement is the same in both cases and need not be repeated here at length. Suffice it to say that by the terms of the endorsement the defendant-respondent agreed to become primarily liable for the indebtedness as represented by the notes. The argument is that by reason of that endorsement the endorser became a joint obligor with the maker of the note and payments by the latter prevented the running of the statute of limitations as to either. As stated in case No. 423, *supra,* the effect of this endorsement was not to create joint obligations. There was, it is true, primary obligations of both the maker and endorser to the payee but each contract or obligation was separate from the other. The terms of the obligation of the endorser are contained entirely over the signature of the defendant-respondent on the back of the note. The endorsement stands by itself and is not enlarged or effected by the terms of the separate and distinct obligation of the maker. Not being a joint but a separate and collateral obligation the acts of one party in making payments on account are not the acts of the other and binding on him. *Cf. Mesce Loan Co.* v. *Marinaro,* 117 *N. J. L.* 86; *Mason* v. *Kilcourse,* 71 *Id.* 472; *Smith* v. *Dowden,* 92 *Id.* 317.

The judgment is affirmed, with costs.